UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIE RODRIGUEZ,

                           Plaintiff,

                                                     9:19-CV-1244
v.                                                 (GTS/CFH)

MONROE, Corr. Officer; WHITAKER, Intake,
Corr. Officer; BELL, Corr. Officer; WILLIAMS,
Corr. Officer; SEDLAK, Corr. Officer; and
TRACY McCOY, Corr. Officer,

                           Defendants

_____

APPEARANCES:                          OF COUNSEL:

WILLIE RODRIGUEZ, 18-A-4626
   Plaintiff, *Pro Se*
Great Meadow Correctional Facility
Box 51
Comstock, New York 12821

MAYNARD, O'CONNORS, SMITH &         ADAM T. MANDELL, ESQ.
CATALINOTTO LLP                       MICHAEL E. CATALINOTTO, JR., ESQ.
   Counsel for Defendants
Route 9W
P.O. Box 180
Saugerties, New York 12477

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

     Currently before the Court, in this *pro se* prisoner civil rights action filed by Willie

Rodriguez ("Plaintiff") against the six above-captioned employees of the New York State

Department of Corrections and Community Supervision (DOCCS) ("Defendants") pursuant to 42

U.S.C. § 1983, are (1) United States Magistrate Judge Christian F. Hummel's Report-

Recommendation recommending that the Court grant Defendants' motion for summary judgment be granted with regard to Plaintiff's First Amendment retaliation claim against Defendant McCoy for lack of personal involvement but that Defendants' motion for summary judgment be otherwise denied (such that Plaintiff's remaining claims survive Defendants' motion), (2) Defendants' Objection to the Report-Recommendation, and (3) Plaintiff's Response to Defendants' Objection to the Report-Recommendation.  (Dkt. Nos. 46, 47, 49.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety.

## I.      RELEVANT BACKGROUND

### A.      Magistrate Judge Hummel's Report-Recommendation

Generally in his Report-Recommendation, Magistrate Judge Hummel rendered the following findings of fact and/or conclusions of law: (1) the Court should reject Plaintiff's request to deny Defendants' motion as premature, because he has failed to show that he made prior attempts to obtain the referenced discovery material as required by Fed. R. Civ. P. 56(d); (2) the Court should deny Defendants' motion with regard to Plaintiff's Eighth Amendment failure-to-protect claim against Defendants Monroe, Bell, Williams, Sedlak and Whittaker, because (a) by relying on the affidavits of Defendants Monroe and Bell, Defendants have failed to adduce evidence in support of their argument that it is permissible for inmates with No-Contact Orders to be placed in the same Special Housing Unit "pod" in Administrative Segregation and under Constant Supervision, (b) genuine disputes of material fact remain as to whether Defendants Bell, Monroe, and Williams acted with the necessary state of mind by "deliberately disregarding" an excessive risk of harm to Plaintiff's safety posed by Inmate Bell, and (c) genuine disputes of material fact remain as to whether Defendants Whitaker, Williams,

and Sedlak were personally involved in the constitutional violations alleged in that Defendants Whitaker, Williams, and Sedlak failed to submit affidavits in support of their motion; (3) the Court should grant Defendants' motion with regard to Plaintiff's First Amendment retaliation claim against Defendant McCoy (due to lack of personal involvement) but should deny that motion as to that claim against the other Defendants against whom this claim is asserted (i.e., Defendants Bell and Sedlak) because of conflicting record evidence regarding whether they were personally involved in taking adverse action against Plaintiff because of his protected activity, and (4) Defendants are not entitled to qualified immunity as a matter of law, because they presented conclusory arguments that are unsupported by facts. (Dkt. No. 46, at Part II.)

**B.      Defendants' Objections to the Report-Recommendation**

Generally, in their Objections, Defendants assert the following two arguments: (1) Magistrate Judge Hummel erred in finding that genuine disputes of material fact exist with regard to the subjective prong of Plaintiff's Eighth Amendment failure-to-protect claim against Defendants Monroe, Bell, Williams, Sedlak and Whittaker, because Defendants have indeed adduced admissible evidence in support of their challenge to that prong (for example, through the affidavits of Defendants Monroe and Bell), and Plaintiff has not adduced, and cannot adduce at trial, any conflicting evidence that is admissible (e.g., that is based on personal knowledge and is subject to a hearsay exception); and (2) Magistrate Judge Hummel erred in finding that genuine disputes of material fact exist with regard to the adverse action element and causation element Plaintiff's First Amendment retaliation claim against Defendants Bell and Sedlak, because Defendants have indeed adduced admissible evidence in support of their challenge to those two elements (for example, through the affidavit of Defendant Bell), and Plaintiff has not adduced,

3

and cannot adduce at trial, any conflicting evidence that is admissible (e.g., that is non-speculative).  (Dkt. No. 47, at Points I-II.)

C.    **Plaintiff's Response to Defendants' Objections to the Report-Recommendation**

Generally, liberally construed, Plaintiff asserts the following three arguments in response to Defendants' objections: (1) Defendants are incorrect that Plaintiff has not adduced, and cannot adduce at trial, any admissible evidence in support of the subjective prong of his failure-to-protect claim, because (a) his testimony of Defendants' knowledge of his previous fight and lawsuit was based on his "personally speaking with the defendants about [those things]," and (b) he can obtain the name of the jail porter who related the threats in question from the jail's records and camera footage that day, and he can subpoena Inmate Bell and the CERT officers to testify; (2) Defendants are incorrect that they have adduced admissible evidence in support of their challenge to the subjective prong of Plaintiff's failure-to-protect claim, because Monroe and Bell (on whose affidavits Defendants rely) were not classification officers and did not offer (or even quote from) the jail's rules and policies; and (3) Defendants are incorrect that Plaintiff has not adduced, and cannot adduce at trial, any admissible evidence in support of the adverse action element and causation element his First Amendment retaliation claim against Defendants Bell and Sedlak, because he can rely on, for example, the statements of Defendant Sedlak.

II.    **STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review.  Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C).  To be "specific," the objection must,

4

with particularity, "identify [1] the portions of the proposed findings, recommendations, or report

to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1©).[1]  When

performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C.

§ 636(b)(1).  However, a district court will ordinarily refuse to consider evidentiary material that

could have been, but was not, presented to the magistrate judge in the first instance.[2]  Similarly, a

district court will ordinarily refuse to consider argument that could have been, but was not,

presented to the magistrate judge in the first instance.  *See Zhao v. State Univ. of N.Y.*, 04-CV-

0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district

judge will not consider new arguments raised in objections to a magistrate judge's report and

recommendation that could have been raised before the magistrate but were not.") (internal

---

[1]     *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]     *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13

(W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new

arguments raised in objections to a magistrate judge's report and recommendation that could have

been raised before the magistrate but were not.") (internal quotation marks omitted).

       When only a *general* objection is made to a portion of a magistrate judge's

report-recommendation, the Court subjects that portion of the report-recommendation to only a

*clear error* review.  Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee

Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3

(N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007

(2d Cir. 1999).  Similarly, when an objection merely reiterates the *same arguments* made by the

objecting party in its original papers submitted to the magistrate judge, the Court subjects that

portion of the report-recommendation challenged by those arguments to only a *clear error*

review.[3]  Finally, when *no* objection is made to a portion of a report-recommendation, the Court

subjects that portion of the report-recommendation to only a *clear error* review.  Fed. R. Civ. P.

72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error"

review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

       [3]     *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3).");  *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id*.[4]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C)).

## III.   ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no error in those portions of the Report-Recommendation to which Defendants have specifically objected, and no clear error in the remaining portions of the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and for the reasons stated in Plaintiff's Response to Defendants' Objections. To those reasons, the Court adds only four brief points.

First, although they challenge Magistrate Judge Hummel's finding that the affidavits of Defendants Monroe and Bell were partly conclusory (i.e., as to their testimony that it was permissible for inmates with No-Contact Orders to be placed in the same pod in Administrative Segregation and under Constant Supervision),[5] Defendants do not appear to challenge Judge

---

[4]     *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

[5]     For the sake of brevity, the Court will note merely that it disagrees with Defendants that Magistrate Judge Hummel erred in finding that the affidavits of Defendants Monroe and Bell were partly conclusory.

Hummel's alternative finding that the entire assertion about the permissibility of such a placement is "tangential" under the circumstances (in that, even if such a policy existed, Plaintiff has adduced admissible evidence that Defendants acted with deliberate indifference to his health and safety by being aware of the April 2018 altercation and No-Contact Orders and nonetheless failing to keep Plaintiff and Inmate Bell apart).  (*Compare* Dkt. No. 47, at ¶¶ 5, 9, 10 *with* Dkt. No. 46, at 12-13.)  The Court agrees with Magistrate Judge Hummel that, even if it had been generally permissible (pursuant to jail policies and/or procedures) for Defendants to place both Plaintiff and Inmate Bell in the same pod in Administrative Segregation and under Constant Supervision, an argument remains that, given what they knew, they should not have let both Plaintiff and Inmate Bell out of their cells during the same period of time and under such loose supervision that the two inmates reasonably might be able to have physical contact with each other.

Second, the Court is not persuaded by Defendants' argument that Magistrate Judge Hummel erred by relying on deposition testimony by Plaintiff that constituted inadmissible hearsay.  (Dkt. No. 47, at ¶¶ 4, 6, 17.)  As Defendants acknowledge, the relevant requirement is not that the testimony in question sets out fact that are *currently* admissible in evidence, but that the that the testimony in question sets out fact that "would be admissible in evidence [at trial]." (*Id*. at ¶ 7.)  After carefully considering the issues and evidence in question (and the quality of Plaintiff's papers and arguments), the Court is not convinced that, especially with the aid of a pro bono trial counsel, he would not be able to render the testimony in question admissible at trial. Generally, the Court notes that it appears that the testimony might be admissible as (1) not hearsay (to the extent that a statement is not being offered for the truth of the matter asserted or it

was made by a party opponent), and/or (2) hearsay admissible under the exceptions for present sense impressions, excited utterances, or statements of the declarant's then-existing state of mind.

Third, the Court is also not persuaded by Defendants' argument that Magistrate Judge Hummel erred by relying on deposition testimony by Plaintiff that was speculative in nature. (Dkt. No. 47, at ¶¶ 4, 6, 16.) Although factual assertions by Plaintiff about what was stated between other persons out of earshot to him would appear inadmissible as lacking a basis of personal knowledge, Defendants are respectfully reminded that, at trial, jurors would be instructed that (1) the law recognizes not only direct evidence but circumstantial evidence, (2) circumstantial evidence is of no less value than direct evidence, may be considered along with or instead of direct evidence, and may given whatever weight is found to be warranted, (3) circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts, and (4) as a result, using their reason, experience and common sense, jurors would be able to logically and reasonably infer from established facts the existence or the nonexistence of some other fact.

Fourth, the Court acknowledges that the close temporal proximity between the protected activity (his mailing of his complaint in *Rodriguez I* on or about November 26, 2018) and the transfer (at the end of November 2018) will not, alone, suffice to defeat this aspect of Defendants' motion for summary judgment, given that Defendants Sedlack and Bell were not named as defendants in *Rodriguez I.* However, Plaintiff also relies on his own testimony regarding non-hearsay statements by Defendants Sedlack and Bell to him indicating their knowledge of *Rodriguez I.* As a result, he does not need to rely on any testimony that he saw

those two Defendants talking to Correctional Officer Michael Goin (named as a defendant in *Rodriguez I*) to show those two Defendants' knowledge of *Rodriguez I*.  Finally, although Defendants would certainly be able to argue at trial that Defendant Sedlack, a correctional officer, did not possess the authority to influence the transfer decision of Defendant Whitaker, in charge of classification, Plaintiff has adduced admissible record evidence from which a rational fact finder could conclude that Sedlack was sufficiently involved in that decision.  (*See, e.g.,* Dkt. No. 1, at ¶ 17 [Plf.'s Verified Compl.]; Dkt. No. 26, Attach. 4, at 61-62 [Plf.'s Depo. Tr.].)

ACCORDINGLY, it is

ORDERED that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 46) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

ORDERED that Defendants' motion for summary judgement (Dkt. No. 27) is **GRANTED** in part and **DENIED in part** such that Plaintiff's claims against Defendant McCoy are **DISMISSED**, but that Plaintiff's remaining claims **SURVIVE** for trial.

Dated:  September 3, 2021
             Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge